UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                                                                    CR. No. 08-91-ML

STEPHON COVER

MEMORANDUM AND ORDER

Defendant, Stephan Cover ("Defendant"), acting pro se, has moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant bases his motion on the Fair Sentencing Act of 2010 ("Act")[1] and Retroactive Guideline Amendment 750. Petition for Modification of Sentence; Docket # 92. The Government has filed an objection.

A "sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Diaz, CR. No. 99-091-ML, 2011 WL 2551734, at *2 (D.R.I. June 27, 2011) (internal quotation marks and citation omitted). Defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because he was sentenced as a *career offender*, not pursuant to any guideline that has been subsequently reduced. See generally id.; see also United States v. Denson, CR. No. 09-32-02 S, 2013 WL 1962971, at *1 (D.R.I. May 10, 2013) (noting that defendant "is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582 because he was sentenced as a career offender").

---

[1] Pub. L. No. 111-220, 124 Stat. 3272 (2010).

Defendant was sentenced on April 30, 2010. To the extent Defendant's motion is also a request for retroactive application of the new sentencing provisions adopted through the Act, the Act's provisions do not apply to Defendant because his criminal conduct and sentencing occurred before the Act became law on August 3, 2010. United States v. Santos-Rivera, ___ F.3d ___, 2013 WL 4016353 (1st Cir. August 7, 2013).

In any event, even if this Court had the authority to reduce Defendant's sentence, the Court would not. Defendant received exactly the sentence he deserved under the circumstances.[2] Defendant's motion is denied.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
September 4, 2013.

---

[2] Furthermore, the First Circuit disposed of Defendant's arguments in denying his direct appeal. The First Circuit concluded that a retroactive application of the Act would have no effect on Defendant's sentence because he was sentenced according to the guidelines calculations for powder and not crack and his career offender status "trumped" the applicable mandatory minimums, "making the [Act's] reforms inapplicable to his sentence." United States v. Cover, No. 10-1569, slip op. at 2 (1st Cir. June 20, 2011). In addition, the First Circuit held that Defendant's arguments were foreclosed because the provisions of the Act were not retroactive to defendants sentenced prior to August 3, 2010. Id.