## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

STEPHFON COVER

    vs.     CR No. 08-091-ML

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

Petitioner Stephfon Cover ("Petitioner" or "Cover"), proceeding *pro se*, has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #98) ("Motion"). The Government has filed a response in opposition (Doc. #100) ("Opposition"), to which Cover filed a reply brief (Doc. #101). No hearing is necessary.

FACTUAL BACKGROUND AND TRAVEL

On November 2, 2009, after a bench trial, Cover was found guilty of conspiracy to possess with intent to distribute five grams or more of cocaine base (Count I); and distribution of five grams or more of cocaine base on August 21, 2008, and aiding and abetting the August 21, 2008, distribution (Count IV).[1] He was sentenced to a total term of imprisonment of 210 months as to Counts I and IV, to be served concurrently. In addition, Cover was sentenced to 8 years of supervised release for each count, also to be served concurrently, upon release from imprisonment. Judgment entered on April 30, 2010.

Cover appealed the judgment of conviction to the Court of Appeals for the First Circuit on May 6, 2010. The First Circuit denied the appeal, and on July 15, 2011, its Mandate issued. Cover

---

[1] Cover was acquitted on Counts II and III of the Indictment.

filed a petition for writ of *certiorari* in the United States Supreme Court, which was denied on October 17, 2011.[2]

Cover filed the instant Motion on February 13, 2015.[3]

## DISCUSSION

Cover presents one ground for relief for this Court's consideration, that he is actually innocent of the aiding and abetting conviction. Motion at 5. The Government responds that: (1) the Petition is procedurally untimely and; and (2) the Petition is substantively without merit. Objection at 1. Because the timeliness issue is dispositive of the Motion, the Court need not address the Government's substantive argument.

In general, a one-year period of limitation applies to motions filed pursuant to § 2255. See 28 U.S.C. § 2255(f)(1). Cover, however, relies on an exception which provides that a § 2255 motion is timely if filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ...." 28 U.S.C. § 2255(f)(3). He argues that his Motion is timely because it was filed within a year of the subsequent decision of the Supreme Court in Rosemond v. United States, __ U.S. __, 134 S.Ct. 1240 (2014). Motion at 11.

In Rosemond, the Supreme Court stated that "a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission." Rosemond, 134 S.Ct. 1240 at 1248; see also id. at 1243 (addressing the issue of aiding and abetting in the

---

[2] A federal criminal conviction becomes final when the Supreme Court denies *certiorari*. Sepulveda v. United States, 330 F.3d 55, 58 (1st Cir. 2003).

[3] The Motion, received by the Court on February 24, 2015, was delivered to prison staff for mailing on February 13, 2015, and is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

context of a charge of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime and holding that in order for the Government to make its case it must prove the defendant actively participated in the underlying violent or drug trafficking crime with advance knowledge that a confederate would use or carry a gun during the crime's commission.).

The Supreme Court in Rosemond addressed aiding and abetting, not conspiracy. Rosemond, therefore, does not does not apply to Cover's Count I conspiracy conviction.

Moreover, Rosemond is not retroactively applicable to Cover's conviction for aiding and abetting in Count IV. In Dodd v. United States, 545 U.S. 353 (2005), the Supreme Court emphasized that "¶ (6)(3)'s date–'the date on which the right asserted was initially recognized by the Supreme Court'–does not apply at all if the conditions in the second clause–the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'–have not been satisfied." Id. at 358 (quoting 28 U.S.C. § 2255(f)(3);[4] see also id. at 359 (reiterating that federal prisoner "may take advantage of the date in the first clause of ¶ (6)(3) only if the conditions in the second clause are met").

The Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), "constitutes a general bar to the retroactive application of newly announced rules of criminal procedure," Sepulveda v. United States, 330 F.3d 55, 59 (1st Cir. 2003), to criminal cases on collateral review which have become final before the new rule is announced, Teague, 489 U.S. at 310-11. There are two exceptions to the Teague bar:

> The first allows retroactive application of new rules that either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants. ...

---

[4] The Supreme Court's use of "¶ 6(3)" refers to subparagraph (f)(3).

> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

Butterworth v. United States, 775 F.3d 459, 465-66 (1st Cir. 2015)(internal quotation marks omitted).

> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of the more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is fundamental in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished.

Schriro v. Summerlin, 542 U.S. 348, 352 (2004)(internal citations and quotation marks omitted). In order for a new rule to fall within the second exception to the Teague bar, "an infringement of the rule must (1) seriously diminish the likelihood of obtaining an accurate conviction; and (2) alter the accepted understanding of the bedrock procedural elements essential to the integrity and fairness of a criminal proceeding." Butterworth, 775 F.3d at 466 (internal citations and quotation marks omitted). This class of "watershed rules of criminal procedure" is extremely narrow. Schriro, 542 U.S. at 352. "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural," id. at 353, and are, therefore, not retroactive, id. at 352.

  Rosemond falls within neither exception to the Teague bar. It did not change, but, rather, clarified, substantive law. See United States v. Rodriguez-Martinez, 778 F.3d 367, 371 (1st Cir. 2015). The Rosemond holding did not affect the "range of conduct" or "class of persons" the aiding and abetting statute punishes. See Schriro, 542 U.S. at 353. Nor did the Rosemond decision "alter the accepted understanding of the bedrock procedural elements essential to the integrity and fairness of a criminal proceeding." Butterworth, 775 F.3d at 466. Thus, Rosemond did not announce a

"watershed rule" of criminal procedure. Rather, the Rosemond ruling affects the "*manner of determining* the defendant's culpability[.]" Schriro, 542 U.S. at 353. Therefore, the decision is not retroactive and this Court cannot apply Rosemond to cases on collateral review such as Cover's.

## CONCLUSION

The Court concludes that the Motion is untimely under 28 U.S.C. § 2255(f)(3) because Rosemond does not apply to Cover's conspiracy conviction (Count I) and is not retroactively applicable to his aiding and abetting conviction (Count IV). Accordingly, the Motion is DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts (§ 2255 Rules), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Cover has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Cover is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge

Date: January 26, 2016